UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| DAVID MCCOY and AMY MCCOY<br>    Plaintiffs,<br><br>vs.<br><br>EAST COAST AERO CLUB INCORPORATED, ET AL<br>    Defendants | CIVIL ACTION NO. |

## NOTICE OF REMOVAL

Pursuant 28 U.S.C. §§ 1331, 1441, and 1446 and 49 U.S.C. § 40103, the defendants New England Aeronautics, Inc. and John Nutt in the above-captioned case filed as Civil Action No. 2481CV02938 in the Middlesex Superior Court of the Trial Court, Commonwealth of Massachusetts, hereby remove this case to the United States District Court for the District of Massachusetts.

As grounds for removal, the defendants state as follows:

1. The United States Government has exclusive sovereignty of airspace of the United States. 49 U.S.C. § 40103.

2. This court has original and exclusive jurisdiction over disputes involving the airspace of the United States. See 49 U.S.C. § 40103.

3. Federal law has preempted the area of aviation. World Airways, Inc. v. International Broth. Of Teamsters, Airline Division, 578 F. 2d. 800 (1978), including the National Airway System.

4. The Plaintiffs have alleged that the Defendants through the operation of their aircraft have caused loud and disturbing noise, which the Plaintiffs allege to be a "nuisance" under the laws of the Commonwealth of Massachusetts.

5. The National Airspace System is exclusively administered by the Federal Aviation Agency (FAA).

6. The purpose of the Federal Aviation Act of 1958 is to promote aviation safety; such purpose extends to the safety of persons on the ground, as well as that of the pilot and others abroad an aircraft, Starr v. U.S., 393 F. Supp. 1359 (1975).

7. Pursuant to the Federal Aviation Reorganization Act as amended, 49 U.S.C. §4412(B), Plaintiffs claims are precluded.

8. On November 29, 2024, the Defendants first received the copy of the complaint which was filed in the Middlesex Superior Court on November 9, 2024.

9. Removal is proper and timely because, under 28 U.S.C. § 1446(d), the Defendant may exercise its right of removal within 30 days after receipt of the complaint.

10. Pursuant to 28 U.S.C. § 1446(d), the defendant is providing written notice of this removal to all parties in the Massachusetts Superior Court action and is filing a copy of this Notice of Removal with the clerk of the Superior Court.

11. In accordance with 28 U.S.C. § 1446(a), copies of all process, pleadings and orders served upon the defendant in the Superior Court action which give rise to the Defendant's right of removal are attached to this Notice of Removal as "Exhibit A."

12. In accordance with Local Rule 81.1, certified or attested copies of all records and proceedings in the Superior Court action, and a certified or attested copy of all docket entries, will be filed with this court within thirty (30) days.

          Respectfully submitted,
          New England Aeronautics, Inc. and
          John Nutt,
          By Their Attorneys,

Dated: December 23, 2024

*/s/ Louis J. Muggeo*
Louis J. Muggeo, Esq.
LOUIS J. MUGGEO & ASSOCIATES
133 Washington Street
Salem, MA 01970
(978) 741-1177
BBO #359220
lmuggeo@ljmassoc.com

2

## CERTIFICATE OF SERVICE

I, Louis J. Muggeo, hereby certify that on December 23, 2024, a true copy of the within document was sent electronically to dennis@drblaw.com, Dennis R. Brown, Esq., 869 Concord Street, Framingham, Massachusetts.

*s/ Louis J. Muggeo*
Louis J. Muggeo, Esq.