# EXHIBIT A

| CIVIL ACTION COVER SHEET | DOCKET NUMBER | Massachusetts Trial Court<br>Superior Court |
|---|---|---|
| | | COUNTY Middlesex Superior Court (Woburn) |

| Plaintiff | David McCoy | Defendant: | East Coast Aero Club, Inc. |
|---|---|---|---|
| ESS: | 187 Old Groton Road | ADDRESS: | 200 Hanscom Drive, Suite 111 |
| Ayer, Massachusetts 01432 | | Bedford, Massachusetts 01730 | |

| Plaintiff: | Amy McCoy | Defendant: | Plane Nonsense |
|---|---|---|---|
| ADDRESS: | 187 Old Groton Road | ADDRESS: | 1232 Choptank Road |
| Ayer, Massachusetts 01432 | | Middletown, Delaware 19709 | |

| Plaintiff Attorney: | Dennis R. Brown | Defendant: | Mark Holzwarth |
|---|---|---|---|
| ADDRESS: | 869 Concord Street | ADDRESS: | 22 Blackburnlan Road |
| Framingham, Massachusetts 01701 | | Lincoln, Massachusetts 01773 | |

| BBO: | 059980 | | |
|---|---|---|---|
| Plaintiff Attorney: | | Defendant: | Tim Gresla |
| ADDRESS: | | ADDRESS: | 18 Samoset Road |
| | | Winchester, Massachusetts 01890 | |

| BBO: | | | |
|---|---|---|---|
| Plaintiff Attorney: | | Defendant: | Michael Mignosa |
| ADDRESS: | | ADDRESS: | 323 Vernon Street |
| | | Wakefield, Massachusetts 01880 | |

| Plaintiff Attorney: | | Defendant: | Ken Murphy |
|---|---|---|---|
| ADDRESS: | | ADDRESS: | 3 Fairfax Street |
| | | Burlington, Massachusetts 01830 | |

| BBO: | | | |
|---|---|---|---|
| Plaintiff Attorney: | | Defendant Attorney: | Kevin C. Cain |
| ADDRESS: | | ADDRESS: | Cain Law Offices |
| | | 92 State Street, 7th Floor | |
| | | Boston, Massachusetts 02109 | |
| BBO: | | BBO: | 550055 |
| Plaintiff Attorney: | | Defendant: | John Nutt |
| ADDRESS: | | ADDRESS: | 12 Woodland Drive |
| | | Londonderry, New Hampshire 03053 | |

| BBO: | | | |
|---|---|---|---|
| Plaintiff Attorney: | | Defendant: | New England Aeronautics, Inc. |
| ADDRESS: | | ADDRESS: | 12 Woodland Drive |
| | | Londonderry, New Hampshire 03053 | |

| BBO: | | | |
|---|---|---|---|
| Plaintiff Attorney: | | Defendant Attorney: | Steven J. Dutton |
| ESS: | | ADDRESS: | McLane Middleton Professional Association |
| | | 900 Elm Street | |
| | | Manchester, New Hampshire 03101 | |
| BBO: | | BBO: | 569161 |

**TYPE OF ACTION AND TRACK DESIGNATION (see instructions section on next page)**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B99 | Other Tortious Action | F | ☒ YES     ☐ NO |

**\*If "Other" please describe:** Nuisance, Infliction of Emotional Distress (Intentional & Negligent), Unfair and Deceptive Acts and Practices

Is there a claim under G.L. c. 93A?     ☒ YES     ☐ NO     Is there a class action under Mass. R. Civ. P. 23?     ☐ YES     ☒ NO

## STATEMENT OF DAMAGES REQUIRED BY G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff's counsel relies to determine money damages. (Note to plaintiff: for this form, do not state double or treble damages; indicate single damages only.)

**TORT CLAIMS**

A. Documented medical expenses to date

    1. Total hospital expenses

    2. Total doctor expenses

    3. Total chiropractic expenses

    4. Total physical therapy expenses

    5. Total other expenses (describe below)

        Subtotal (1-5):    $0.00

B. Documented lost wages and compensation to date

C. Documented property damages to date

D. Reasonably anticipated future medical and hospital expenses

E. Reasonably anticipated lost wages

F. Other documented items of damages (describe below)    $1,000,000.00

Loss of Business Opportunity; Emotional Distress

    TOTAL (A-F):    $1,000,000.00

G. Briefly describe plaintiff's injury, including the nature and extent of the injury:

'iffs have suffered emotional and economic harm caused by the defendants' conduct, intentional or otherwise, in operating aircraft above ,ffs' property. Defendants have engaged in unfair and deceptive business acts to plaintiffs' detriment.

**CONTRACT CLAIMS**

☐ This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a).

| Item # | Detailed Description of Each Claim | Amount |
|---|---|---|
| 1. | | |
| | | Total |

Signature of Attorney/Self-Represented Plaintiff: X *Dennis P Brown*     Date: 11/04/2024

RELATED ACTIONS: Please provide the case number, case name, and county of any related actions pending in the Superior Court.

**CERTIFICATION UNDER S.J.C. RULE 1:18(5)**

I hereby certify that I have complied with requirements of Rule 5 of Supreme Judicial Court Rule 1:18: Uniform Rules on Dispute Resolution, requiring that I inform my clients about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney: X *Dennis P Brown*     Date: 11/04/2024

# CIVIL ACTION COVER SHEET INSTRUCTIONS —
## SELECT A CATEGORY THAT BEST DESCRIBES YOUR CASE*

### AC Actions Involving the State/Municipality †*

| | | |
|---|---|---|
| AA1 | Contract Action involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AB1 | Tortious Action involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AC1 | Real Property Action involving Commonwealth, Municipality, MBTA etc. | (A) |
| AD1 | Equity Action involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AE1 | Administrative Action involving Commonwealth, Municipality, MBTA, etc. | (A) |

### CN Contract/Business Cases

| | | |
|---|---|---|
| A01 | Services, Labor, and Materials | (F) |
| A02 | Goods Sold and Delivered | (F) |
| A03 | Commercial Paper | (F) |
| A04 | Employment Contract | (F) |
| A05 | Consumer Revolving Credit - M.R.C.P. 8.1 | (F) |
| A06 | Insurance Contract | (F) |
| A08 | Sale or Lease of Real Estate | (F) |
| A12 | Construction Dispute | (A) |
| A14 | Interpleader | (F) |
| BA1 | Governance, Conduct, Internal Affairs of Entitles | (A) |
| BA3 | Liability of Shareholders, Directors, Officers, Partners, etc. | (A) |
| BB1 | Shareholder Derivative | (A) |
| BB2 | Securities Transactions | (A) |
| BC1 | Mergers, Consolidations, Sales of Assets, Issuance of Debt, Equity, etc. | (A) |
| BD1 | Intellectual Property | (A) |
| BD2 | Proprietary Information or Trade Secrets | (A) |
| BG1 | Financial Institutions/Funds | (A) |
| BH1 | Violation of Antitrust or Trade Regulation Laws | (A) |
| A99 | Other Contract/Business Action - Specify | (F) |

* See Superior Court Standing Order 1-88 for an explanation of the tracking deadlines for each track designation: F, A, and X. On this page, the track designation for each case type is noted in parentheses.

†* Choose this case type if ANY party is the Commonwealth, a municipality, the MBTA, or any other governmental entity UNLESS your case is a case type listed under Administrative Civil Actions (AA).

‡ Choose this case type if ANY party is an incarcerated party, UNLESS your case is a case type listed under Administrative Civil Actions (AA) or is a Prisoner Habeas Corpus case (E97).

### ER Equitable Remedies

| | | |
|---|---|---|
| D01 | Specific Performance of a Contract | (A) |
| D02 | Reach and Apply | (F) |
| D03 | Injunction | (F) |
| D04 | Reform/ Cancel Instrument | (F) |
| D05 | Equitable Replevin | (F) |
| D06 | Contribution or Indemnification | (F) |
| D07 | Imposition of a Trust | (A) |
| D08 | Minority Shareholder's Suit | (A) |
| D09 | Interference in Contractual Relationship | (F) |
| D10 | Accounting | (A) |
| D11 | Enforcement of Restrictive Covenant | (F) |
| D12 | Dissolution of a Partnership | (F) |
| D13 | Declaratory Judgment, G.L. c. 231A | (A) |
| D14 | Dissolution of a Corporation | (F) |
| D99 | Other Equity Action | (F) |

### PA Civil Actions Involving Incarcerated Party ‡

| | | |
|---|---|---|
| PA1 | Contract Action involving an Incarcerated Party | (A) |
| PB1 | Tortious Action involving an Incarcerated Party | (A) |
| PC1 | Real Property Action involving an Incarcerated Party | (F) |
| PD1 | Equity Action involving an Incarcerated Party | (F) |
| PE1 | Administrative Action involving an Incarcerated Party | (F) |

### TR Torts

| | | |
|---|---|---|
| B03 | Motor Vehicle Negligence - Personal Injury/Property Damage | (F) |
| B04 | Other Negligence - Personal Injury/Property Damage | (F) |
| B05 | Products Liability | (A) |
| B06 | Malpractice - Medical | (A) |
| B07 | Malpractice - Other | (A) |
| B08 | Wrongful Death - Non-medical | (A) |
| B15 | Defamation | (A) |
| B19 | Asbestos | (A) |
| B20 | Personal Injury - Slip & Fall | (F) |
| B21 | Environmental | (F) |
| B22 | Employment Discrimination | (F) |
| BE1 | Fraud, Business Torts, etc. | (A) |
| B99 | Other Tortious Action | (F) |

### RP Summary Process (Real Property)

| | | |
|---|---|---|
| S01 | Summary Process - Residential | (X) |
| S02 | Summary Process - Commercial/ Non-residential | (F) |

### RP Real Property

| | | |
|---|---|---|
| C01 | Land Taking | (F) |
| C02 | Zoning Appeal, G.L. c. 40A | (F) |
| C03 | Dispute Concerning Title | (F) |
| C04 | Foreclosure of a Mortgage | (X) |
| C05 | Condominium Lien & Charges | (X) |
| C99 | Other Real Property Action | (F) |

### MC Miscellaneous Civil Actions

| | | |
|---|---|---|
| E18 | Foreign Discovery Proceeding | (X) |
| E97 | Prisoner Habeas Corpus | (X) |
| E22 | Lottery Assignment, G.L. c. 10, § 28 | (X) |

### AB Abuse/Harassment Prevention

| | | |
|---|---|---|
| E15 | Abuse Prevention Petition, G.L. c. 209A | (X) |
| E21 | Protection from Harassment, G.L. c. 258E | (X) |

### AA Administrative Civil Actions

| | | |
|---|---|---|
| E02 | Appeal from Administrative Agency, G.L. c. 30A | (X) |
| E03 | Certiorari Action, G.L. c. 249, § 4 | (X) |
| E05 | Confirmation of Arbitration Awards | (X) |
| E06 | Mass Antitrust Act, G.L. c. 93, § 9 | (A) |
| E07 | Mass Antitrust Act, G.L. c. 93, § 8 | (X) |
| E08 | Appointment of a Receiver | (X) |
| E09 | Construction Surety Bond, G.L. c. 149, §§ 29, 29A | (A) |
| E10 | Summary Process Appeal | (X) |
| E11 | Worker's Compensation | (X) |
| E16 | Auto Surcharge Appeal | (X) |
| E17 | Civil Rights Act, G.L. c. 12, § 11H | (A) |
| E24 | Appeal from District Court Commitment, G.L. c.123, § 9(b) | (X) |
| E94 | Forfeiture, G.L. c. 265, § 56 | (X) |
| E95 | Forfeiture, G.L. c. 94C, § 47 | (F) |
| E99 | Other Administrative Action | (X) |
| Z01 | Medical Malpractice - Tribunal only, G.L. c. 231, § 60B | (F) |
| Z02 | Appeal Bond Denial | (X) |

### SO Sex Offender Review

| | | |
|---|---|---|
| E12 | SDP Commitment, G.L. c. 123A, § 12 | (X) |
| E14 | SDP Petition, G.L. c. 123A, § 9(b) | (X) |

### RC Restricted Civil Actions

| | | |
|---|---|---|
| E19 | Sex Offender Registry, G.L. c. 6, § 178M | (X) |
| E27 | Minor Seeking Consent, G.L. c.112, § 125 | (X) |

**TRANSFER YOUR SELECTION TO THE FACE SHEET**

**EXAMPLE:**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B03 | Motor Vehicle Negligence-Personal Injury | F | ☒ YES    ☐ NO |

## STATEMENT OF DAMAGES REQUIRED BY G.L. c. 212, § 3A

**DUTY OF THE PLAINTIFF** — On the face of the Civil Action Cover Sheet (or on attached additional sheets, if necessary), the plaintiff shall state the facts on which the plaintiff relies to determine money damages. A copy of the completed Civil Action Cover Sheet, including the statement concerning damages, shall be served with the complaint. A clerk-magistrate shall not accept for filing a complaint, except as otherwise provided by law, unless it is accompanied by such a statement signed by the attorney or self-represented litigant.

**DUTY OF THE DEFENDANT** — If the defendant believes that the statement of damages filed by the plaintiff is inadequate, the defendant may file with the defendant's answer a statement specifying the potential damages which may result if the plaintiff prevails.

## A CIVIL ACTION COVER SHEET MUST BE FILED WITH EACH COMPLAINT.
## IF THIS COVER SHEET IS NOT FILLED OUT THOROUGHLY AND
## ACCURATELY, THE CASE MAY BE DISMISSED.

1

## COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS.

SUPERIOR COURT DEPARTMENT
DOCKET NO: 24CV2938

DAVID McCOY and AMY McCOY, )
Plaintiffs, )
)
v. )
)
EAST COAST AERO CLUB, INC., )
PLANE NONSENSE, MARK HOLZWARTH, )
TIM GRESLA, MICHAEL MIGNOSA, )
KEN MURPHY, JOHN NUTT, and )
NEW ENGLAND AERONAUTICS, INC. )
Defendants. )

FILED
IN THE OFFICE OF THE
CLERK OF COURTS
FOR THE COUNTY OF MIDDLESEX

NOV 0 7 2024

CLERK

## PLAINTIFFS' COMPLAINT AND CLAIM FOR TRIAL BY JURY

### I. INTRODUCTION

This is an action by plaintiff homeowners in Ayer, Massachusetts to recover damages for the low altitude, prolonged, and repeated aerobatic and non-aerobatic flights over the plaintiffs' residence, generating noise and vibration that interferes with the enjoyment of plaintiffs' home, causing plaintiffs anxiety and distress, and exposing them to lead-based fuel particulate.

### II. PARTIES

1. Plaintiff, David McCoy ("*David*"), is an individual with a residential address of 187 Old Groton Road, Ayer, Middlesex County, Massachusetts 01432.

2. Plaintiff, Amy McCoy ("*Amy*"), is an individual with a residential address of 187 Old Groton Road, Ayer, Middlesex County, Massachusetts 01432.

3. Defendant, East Coast Aero Club, Inc., ("*ECAC*"), is a Massachusetts corporation doing business at 200 Hanscom Drive, Suite 111 Bedford, Middlesex County, Massachusetts 01730, whose Registered Agent is Mark E. Holzwarth, 22 Blackburnian Road, Lincoln, Middlesex County, Massachusetts 01773.

4. Defendant, Plane Nonsense Inc. ("*Plane Nonsense*"), is a

1

Delaware corporation with an address of 1232 Choptank Road, Middletown, New Castle County, Delaware 19709, whose Registered Agent is P & P Aviation, Inc., 1232 Choptank Road, Middletown, New Castle County, Delaware 19709.

5.    Defendant, Mark E. Holzwarth (**"Holzwarth"**), is an individual with a residential address of 22 Blackburnian Road, Lincoln, Middlesex County, Massachusetts 01773, who, now or previously, is the owner and president of ECAC and Plane Nonsense and who, now or previously, is in control of the operations of those entities.

6.    Defendant, Tim Gresla (**"Gresla"**), is an individual with a residential address of 18 Samoset Road, Winchester, Middlesex County, Massachusetts 01890, who, now or previously, owns and operates aircraft N27TJ, which is part of the ECAC training fleet.

7.    Defendant, Michael Mignosa (**"Mignosa"**), is an individual with a residential address of 323 Vernon Street, Wakefield, Middlesex County, Massachusetts 01880, who, now or previously, owns and operates aircraft N13151, which is part of the ECAC training fleet.

8.    Defendant, Ken Murphy (**"Murphy"**), is an individual with a residential address of 3 Fairfax Street, Burlington, Middlesex County, Massachusetts 01830, who, now or previously, owns and operates aircraft N733LF, which is part of the ECAC training fleet.

9.    Defendant, John Nutt (**"Nutt"**), is an individual residing at 12 Woodland Drive, Londonderry, Rockingham County, New Hampshire 03053, who, now or previously, is the owner and president of New England Aeronautics, Inc., and who, now or previously, is in control of the operations of that entity.

10.   Defendant, New England Aeronautics, Inc. (**"New England Aeronautics"**), is a New Hampshire corporation with an address of 12 Woodland Drive, Londonderry, Rockingham County, New Hampshire 03053, whose Registered Agent is John Nutt, 12 Woodland Drive, Londonderry, Rockingham County, New Hampshire 03035.

### III. FACTS

11.   ECAC is an aircraft rental service that offers flight training and instruction.

12.   Plane Nonsense offers flight training and instruction.

13.   Plaintiffs' real property in Ayer, Massachusetts consists of
      residential use property and business use property
      (*"Plaintiffs' Property"*).

14.   The Plaintiffs' Property is within a so-called "Noise-
      Sensitive Area", as defined by the Federal Aviation
      Administration.

### Defendants' Activities

15.   Over the past three years and continuing to the present, the
      plaintiffs have been substantially and deleteriously impacted
      in their use or enjoyment of Plaintiffs' Property by
      inappropriate conduct, as detailed below, by one or more of
      the above-named defendants: ECAC, Plane Nonsense, Holzwarth,
      Gresla, Mignosa, Murphy, Nutt, and New England Aeronautics
      (hereinafter sometimes *"defendants"*). This conduct has
      resulted in discomfort, inconvenience, anxiety and health
      impacts and/or significant interference with plaintiffs' use
      and enjoyment of Plaintiffs' Property and has disrupted
      plaintiffs' daily routine.

16.   Such inappropriate conduct has included continuous, intrusive
      and noisy aircraft operation by the defendants at low
      altitudes taking place over the Plaintiffs' Property, with
      knowledge and purpose that said flights greatly disturb,
      upset, and interfere with the plaintiffs' quiet use and
      enjoyment of their home and pursuit of business enterprises.

17.   Operation of aircraft over Plaintiffs Property is not
      necessary to the purpose or function of defendants' business
      activities, as adequate alternative flight paths are available
      to them.

18.   Such disruptive activity occurs over and near above-ground oil
      and gasoline storage tanks, placing plaintiffs at risk of harm
      from an accident.

19.   Defendants own and/or operate aircraft using leaded aviation
      fuel over Plaintiffs' Property, which has exposed the
      plaintiffs and their family to fuel particulate known to have
      harmful health effects.

20.   The plaintiffs have communicated and complained directly to
      various aviation regulatory bodies, including but not limited
      to: the Massachusetts Port Authority (*"Massport"*), the Federal

Aviation Administration *("FAA")*, the Airport Owners and Pilots Association *("AOPA")*, MA DOT Aeronautics, the Hanscom Field Advisory Committee *("HFAC")*, and local, state and federal legislators about defendants' above-referenced behavior to no avail.

21. The defendants have either received direct complaints from plaintiffs or were made aware of the objectionable behavior in some capacity.

22. Plaintiffs' efforts in seeking relief have been met with retaliation in the form of targeted flight activity and generation of policies and directives to keep such intrusive activity over the Plaintiffs' Property.

23. Defendants, instructors employed by defendants, and students receiving instruction from defendants, intentionally circle the plaintiffs' residence, stall and power up aircraft engines, and buzz the roof of plaintiffs' home, thereby causing noise inside the plaintiffs' house.

24. Such flights can last up to forty-five (45) minutes in length.

### IV. GRAVAMEN

### COUNT I
### (NUISANCE)

25. Plaintiffs re-allege paragraphs 1 - 24 of their Complaint and incorporate the same herein by reference.

26. The defendants' actions substantially and unreasonably interfered with the plaintiffs' use and enjoyment of their property.

27. The interference resulted from intentional or negligent actions on the part of the defendants.

28. The plaintiffs have notified the defendants about the interference and the defendants have failed to take reasonable steps to address the issue.

29. The plaintiffs have suffered emotional and physical harm as a result.

4

## COUNT II
### (NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS)

30.   Plaintiffs re-allege paragraphs 1 - 29 of their Complaint and incorporate the same herein by reference.

31.   The defendants owed a duty of care to the plaintiffs to operate and manage aircraft in a manner that coincides with altitude regulations, and to reasonably mitigate the impact of noise on nearby residents and to minimize the risk of causing emotional distress.

32.   The defendants breached their duty of care by either operating aircraft or permitting the operation of aircraft below the mandated altitude regulations and/or in a manner that produced excessive and unreasonable levels of noise, causing significant disturbance to the plaintiff's peace, quiet, and enjoyment of Plaintiffs' Property.

33.   The defendants ignored complaints and concerns raised by the plaintiffs regarding the disruptive effects of aircraft noise, thereby demonstrating a callous lack of regard for plaintiffs' well-being.

34.   The defendants' negligent operation of aircraft directly caused the plaintiffs to suffer severe emotional distress, including but not limited to anxiety, sleep disturbances, and a diminished quality of life.

35.   As a result of the defendants' negligence, the plaintiffs have suffered and continue to suffer severe emotional distress.

## COUNT III
### (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

36.   Plaintiffs re-allege paragraphs 1 - 35 of their Complaint and incorporate the same herein by reference.

37.   Upon the plaintiffs' objections to the defendants' behavior and attempts to seek assistance, the defendants retaliated by escalating the harassment, thereby exacerbating the plaintiff's distress and further impeding their ability to function professionally and personally.

38.   The defendants acted with reckless disregard for the plaintiffs' well-being, intending to cause emotional distress, or knowing that their actions would likely result in emotional

distress.

39.   The defendants' conduct in targeting the plaintiffs' home goes beyond what is considered reasonable in a given situation.

40.   As a direct result of the defendants' conduct, the plaintiffs have suffered severe emotional distress, including but not limited to anxiety, depression, insomnia, and loss of enjoyment of life.

41.   The plaintiffs' ability to perform their job duties have been significantly impaired, resulting in economic harm and professional setbacks.

### COUNT IV
### (UNFAIR AND DECEPTIVE ACTS AND PRACTICES)

42.   Plaintiffs re-allege paragraphs 1 - 41 of their Complaint and incorporate the same herein by reference.

43.   The plaintiffs are individuals within the meaning of Massachusetts General Laws Chapter 93A § 9 and/or 11, who have been injured by another person's use or employment of any method, act, or practice declared to be unlawful by Section 2 or any rule or regulation issued thereunder.

44.   The defendants, at all times material to this Complaint, were engaged in business primarily and substantially within the Commonwealth, which business substantially includes the service of flight instruction and/or flight operation and aircraft rental.

45.   On or about June 5, 2024, plaintiffs sent a written demand for relief to defendants ECAC, Plane Nonsense, Holzwarth, Mignosa, Gresla, and Murphy by first class, certified return receipt mail which was received by the aforementioned defendants and which described in detail their conduct which was unfair and deceptive *("June 5 Demand Letter")*.  A true and accurate copy of the June 5 Demand Letter is attached hereto as Exhibit "A" and is incorporated herein by reference.  The recitations in the June 5 Demand Letter concerning defendants' conduct are true and accurate.

46.   On or about June 20, 2024, plaintiffs sent a written demand for relief to defendants Nutt and New England Aeronautics by first class, certified return receipt mail which was received by the aforementioned defendants and which described in detail

6

their conduct which was unfair and deceptive *("June 20 Demand Letter")*.   A true and accurate copy of the June 20 Demand Letter is attached hereto as Exhibit "B" and is incorporated herein by reference.   The recitations in June 20 Demand Letter concerning defendants' conduct are true and accurate.

47.   On or about June 21, 2024, plaintiffs received a written response *("June 21 Reply Letter")* on behalf of defendants ECAC, Plane Nonsense, Holzwarth, Mignosa, Gresla, and Murphy in reply to the June 5 Demand Letter.   In this reply letter, defendants refused and/or failed to make a reasonable offer of relief to plaintiffs.   A copy of the June 21 Reply Letter is attached hereto as Exhibit "C" and is incorporated herein by reference.

48.   On or about July 15, 2024, plaintiffs received a written response *("July 15 Reply Letter")* from defendants Nutt and New England Aeronautics in reply to the June 20 Demand Letter. In this reply letter, defendants refused and/or failed to make a reasonable offer of relief to plaintiffs.   A copy of the July 15 Reply Letter is attached hereto as Exhibit "D" and is incorporated herein by reference.

49.   By the conduct set forth above in this Complaint (including that described in the Demand Letters), defendants (while engaged in trade or commerce) engaged in unfair and deceptive acts or practices prohibited by Section 2 of Chapter 93A of the Massachusetts General Laws and/or the rules and regulations of the Massachusetts Attorney General, pursuant to her statutory authorization in accordance with G.L. c. 93A, § 2(c).

50.   By their conduct described above, defendants caused plaintiffs harm and damage.

## REQUESTED RELIEF

1.   Issuance of a Temporary Restraining Order enjoining the defendants, ECAC, Plane Nonsense, Holzwarth, Gresla, Mignosa, Murphy, Nutt, and New England Aeronautics, and any of their agents, servants or employees, from operating aircraft over the Plaintiffs' Property;

2.   Issuance of a Short Order of Notice to show cause why the defendants, ECAC, Plane Nonsense, Holzwarth, Gresla, Mignosa, Murphy, Nutt, and New England Aeronautics, and any of their agents, servants or employees, should not be enjoined from

operating aircraft over the Plaintiffs' Property;

3.  Following return of said Order, entry of an Order of
    Preliminary Injunction enjoining the defendants, ECAC, Plane
    Nonsense, Holzwarth, Gresla, Mignosa, Murphy, Nutt, and New
    England Aeronautics, and any of their agents, servants or
    employees, from operating aircraft over the Plaintiffs'
    Property;

4.  After Trial, the entry of a Judgment providing for a permanent
    injunction enjoining the defendants, ECAC, Plane Nonsense,
    Holzwarth, Gresla, Mignosa, Murphy, Nutt, and New England
    Aeronautics, and any of their agents, servants or employees,
    from operating aircraft over the Plaintiffs' Property;

5.  Award of damages under each count of plaintiffs' Complaint.

6.  Interest, costs and attorney's fees.

7.  Any other relief this Court may deem meet and just.


                              Plaintiffs
                              By Their Attorney,


                              _Dennis R Brown_
                              DENNIS R. BROWN, BBO # 059980
                              DENNIS R. BROWN, P.C.
                              869 Concord Street
                              Framingham, MA 01701
                              Tel. #:   (508) 879-6300
                              Fax #:    (508) 879-6330
                              E-Mail:   dennis@drblaw.com


                         **JURY CLAIM**


        The Plaintiffs demand a trial by jury on all counts and all
issues raised by this Complaint.

                              _Dennis R Brown_
                              DENNIS R. BROWN, ESQUIRE

DATED: October 31, 2024


                              8

## **VERIFICATION**

We, DAVID McCOY and AMY McCOY, under oath do depose and say as follows:

1.   We are the plaintiffs named and identified in the foregoing Complaint.

2.   We have read the foregoing Complaint.

3.   The factual allegations set forth therein are true and accurate.

Signed under the pains and penalties of perjury this $3/$ day of *October* 2024.

_____
DAVID McCOY

_____
AMY McCOY

# EXHIBIT A

# DENNIS R. BROWN, P.C.

### ATTORNEYS AT LAW

DENNIS R. BROWN
EMAIL: dennis@drblaw.com

869 CONCORD STREET • FRAMINGHAM, MA 01701
TEL. (508) 879-6300        FAX (781) 237-8906

BY APPOINTMENT
12 WASHINGTON STREET
WELLESLEY, MA 02481

June 5, 2024

| | |
|---|---|
| **VIA CERTIFIED MAIL**<br>RCPT# 7020 3160 0000 2537 2026<br>East Coast Aero Club, Inc.,<br>200 Hanscom Drive, Suite 111<br>Bedford, MA 01730 | **VIA CERTIFIED MAIL**<br>RCPT# 7020 3160 0000 2537 2033<br>Plane Nonsense Inc.<br>1232 Choptank Road,<br>Middletown, Delaware 19709 |
| **VIA CERTIFIED MAIL**<br>RCPT# 7020 3160 0000 2537 2040<br>Mark E. Holzwarth<br>22 Blackburnian Road<br>Lincoln, MA   01773 | **VIA CERTIFIED MAIL**<br>RCPT# 7020 3160 0000 2537 2057<br>% P & P Aviation, Inc.,<br>1232 Choptank Road,<br>Middletown, DE 19709 |
| **VIA CERTIFIED MAIL**<br>RCPT# 7020 3160 0000 2537 2071<br>Tim Gresla<br>18 Samoset Rd<br>Winchester, MA   01890-3324 | **VIA CERTIFIED MAIL**<br>RCPT# 7020 3160 0000 2537 2002<br>Michael Mignosa<br>323 Vernon St.<br>Wakefield, MA   01880 |
| **VIA CERTIFIED MAIL**<br>RCPT# 7020 3160 0000 2537 2019<br>Ken Murphy<br>3 Fairfax Street<br>Burlington, MA   01803 | |

Dear Sirs:

### INTRODUCTION

This correspondence is submitted to each of you [East Coast Aero Club, Inc. *("East Coast")*, Plane Nonsense Inc. *("Plane Nonsense")*, Mark E. Holzwarth *("Holzwarth")*, Tim Gresla *("Gresla")*, Michael Mignosa *("Mignosa")* and Ken Murphy *("Murphy")* *(collectively "Respondents")*] pursuant to the provisions of the Massachusetts Consumer protection Law, Massachusetts General Laws Chapter 93A, Sections 2 and 9, on behalf of David McCoy and Amy McCoy *(the "McCoys")*, individuals residing at 187 Old Groton Road

-1-

Ayer, Massachusetts 01432 *(the "McCoys' Property")*.

The McCoys, residential homeowners in Ayer, Massachusetts, seek curtailment of, and relief from, substantial noise and consequent harm caused by incessant, concentrated low altitude, prolonged, and repeated aerobatic and non-aerobatic maneuvers (e.g., so-called "S-turns", steep banked turns, slow flight, power-off stalls, power-on stalls, chandelles, lazy eights, straight and level flight, climbs and descents, turns around a point) over and in the vicinity of McCoys' Property, causing noise, vibration, pollution and unnecessary direct exposure to toxic exhaust emissions. This conduct has resulted in negative health impacts of noise caused by aircraft owned by the Respondents engaged in such behavior. That behavior interferes with the enjoyment of McCoy's Property, causes disruption, anxiety and distress and poses safety risks to them. Efforts to seek relief has attracted retaliatory response by an increase in concentration of noise.

By this correspondence the McCoys make demand upon each of you to (a.) cease and desist from continuing to engage in unfair and deceptive acts or practices hereinafter described; and, (b.) to compensate them for their harm and injury hereinafter also described.

The Respondents at various times have each engaged in unfair and deceptive conduct directed towards the McCoys and each is a person subject to Massachusetts General Laws Chapter 93A, section 2 and 9 as each, at all times materials herein, has engaged in commercial activity.

The McCoys are entitled to make this demand, as they are each a person, other than a person entitled to bring an action under section eleven of the Consumer Protection Law, who has been injured by another person's use or employment of any method, act or practice declared to be unlawful by section two of the Consumer Protection Law.

### FURTHER DESCRIPTION OF UNFAIR AND DECEPTIVE CONDUCT

East Coast offers flight instruction and aircraft rental and Plane Nonsense is the holding company for East Coast Aero Club's aircraft fleet. Much, but not all, activity occurs with aircraft controlled or operated by East Coast. Other activity occurs with aircraft controlled or owned by Plane Nonsense, Holzwarth, Gresla, Mignosa and Murphy.

McCoys' Property in Ayer, Massachusetts, which is within a so-called "Noise Sensitive Area" described by the Federal Aviation

-2-

Administration's *(FAA)*, consists of residential and business use property.

Continuing over the past three years (and even before that time) to the present, the McCoys have been substantially and deleteriously impacted in their use or enjoyment of McCoy's Property by inappropriate conduct, as detailed herein, by one or more of the above-named Respondents. Such conduct has resulted in discomfort, inconvenience, and significant interference with McCoy's use and enjoyment of their property and their daily routine. Respondents' inappropriate behavior has disturbed and disrupted the natural ambient quality of the area in which the Mcoys reside and work.

Respondents' inappropriate behavior has included intrusive aircraft operation taking place over the McCoys' Property, with knowledge (and purpose) that said flights greatly disturb, upset, and interfere with the McCoys' quiet use and enjoyment of their home [including McCoys' pursuit of business enterprises, and the schooling of their children] by repeatedly operating aircraft at in a manner and at altitudes, producing harmful noise and disruption.

Concentrated aircraft maneuvers occur over and near critical town infrastructure (above-ground oil and propane storage tanks, electricity substations and power lines, air emergency helipad), thereby, placing the McCoys and their community, *(a so-called "Environmental Justice Population" Community)* at risk of harm from an accident.

Instructors with students intentionally target the McCoys' residence and other structures at their family's farm. Disruptive noise results from unusual changes in attitude and altitude of training aircraft performing steep banked turns, slow flight, "power-off" and "power-on" stalls, "chandelle" manuevers, "lazy eight" manuevers, straight and level flight, hedgehopping, climbs and descents, turns around a point. Aircraft in the East Coast fleet make multiple loud passes over (and in proximity to) McCoys' Property multiple times a day causing disruptive noise inside the McCoy's home. East Coast aircraft burn leaded aviation fuel; and, while doing so, disperse toxic pollutants.

A flight session can be an intentional flyover lasting from a few minutes to a longer session lasting up to forty-five (45) in length.

The McCoys' have communicated and complained of their concerns (and the personal impact of Respondents' behavior) directly to Holzwarth, to the Massachusetts Port Authority *("Massport")*, to the

-3-

Hanscom Field Advisory Community Advisory Commission, Massachusetts Department of Transportation Aeronautics *("MA DOT Aeronautics")*, local, state and federal legislators, local law enforcement and to the Federal Aviation Administration *("FAA")* and MassDevelopment. McCoys' efforts have been singularly unsuccessful. Not only have McCoys' efforts been unsuccessful, their efforts have been met with retaliation in the form of targeted flight activity and Respondents' generation of policies and directives to keep such intrusive activity over the McCoys' Property.

### DEMAND

The McCoys make the following demands:

a.    That Respondents immediately cease and desist from engaging in the foregoing activity and Respondents provide written assurances that they will not engage in such activity in the future; and,

b.    That Respondents will compensate the McCoys in the amount of \$500,000 for the harm the Respondents' behavior has caused to the McCoys; and,

c.    That Respondents will not (directly or indirectly through others) retaliate against the McCoys for their efforts in seeking and demanding that the Respondents cease the above-described activity.

I must respectfully advise you that the foregoing demand is the McCoys' "single damage demand". Under the Massachusetts Consumer Protection Law referenced above, a Court of competent jurisdiction may award multiple damages in appropriate circumstances. In the case at hand, a Massachusetts Court might determine that one or more or all of the Respondents may be subject to not only actual damages but multiple damages of up to three times but no less than two times my clients' actual damages, together with interest, costs and attorney's fees.

Under Massachusetts law, a person subject to the provisions of the Consumer Protection Law, upon whom a demand has been submitted, has thirty days to supply a reasonable written offer of settlement. A failure to provide a reasonable offer of settlement may implicate the multiple damage provisions to which I have just alluded.

Should this demand be unsatisfied within such 30 day period, the McCoys reserve the right to withdraw their demand and to seek compensation and relief in excess of, and different than, that set forth herein.

Thank you for your attention to this matter.

Very truly yours,

Dennis R. Brown

DRB/sh

cc:    clients
       Carly Anderson

ref:    M:\Client Files\DAVID McCOY\Aircraft Harassment\Correspondence\DRAFT 93A DEMAND(ver2).wpd

-5-

# EXHIBIT B

# DENNIS R. BROWN, P.C.

**ATTORNEYS AT LAW**

DENNIS R. BROWN
EMAIL: dennis@drblaw.com

869 CONCORD STREET • FRAMINGHAM, MA 01701
TEL. (508) 879-6300        FAX (781) 237-8906

BY APPOINTMENT
12 WASHINGTON STRI
WELLESLEY, MA 024

June 20, 2024

| Via Certified Mail R.R.R. #<br>7020 1290 0001 9668 4894 | Via Certified Mail R.R.R. #<br>7020 1290 0001 9668 4887 |
|---|---|
| New England Aeronautics,<br>Incorporated<br>c/o John Nutt, President &<br>Registered Agent<br>12 Woodland Drive<br>Londonderry, NH 03053 | Mr. John Nutt<br>12 Woodland Drive<br>Londonderry, NH 03053 |

Dear Sirs:

## INTRODUCTION

This correspondence is submitted to each of you New England Aeronautics, Incorporated f/k/a East Coast Aeronautics, Incorporated *("New England Aeronautics")* and John Nutt *("Nutt")* *(collectively "Respondents" or "you")*] pursuant to the provisions of the Massachusetts Consumer protection Law, Massachusetts General Laws Chapter 93A, Sections 2 and 9, on behalf of David McCoy and Amy McCoy *(the "McCoys")*, individuals residing at 187 Old Groton Road Ayer, Massachusetts 01432 *(the "McCoys' Property")*.

The McCoys, residential homeowners in Ayer, Massachusetts, seek curtailment of, and relief from, substantial noise and consequent harm caused by incessant, concentrated low altitude, prolonged, and repeated aerobatic and non-aerobatic maneuvers (e.g., so-called "S-turns", steep banked turns, slow flight, power-off stalls, power-on stalls, chandelles, lazy eights, straight and level flight, climbs and descents, turns around a point) over and in the vicinity of McCoys' Property, causing noise, vibration, pollution and unnecessary direct exposure to toxic exhaust emissions. This conduct has resulted in negative health impacts of noise caused by aircraft owned by the Respondents engaged in such behavior. That behavior interferes with the enjoyment of McCoy's

-1-

# EXHIBIT C

Property, causes disruption, anxiety and distress and poses safety risks to them.  Efforts to seek relief has attracted retaliatory response by an increase in concentration of noise.

By this correspondence the McCoys make demand upon each of you to (a.) cease and desist from continuing to engage in unfair and deceptive acts or practices hereinafter described; and, (b.) to compensate them for their harm and injury hereinafter also described.

The Respondents at various times have each engaged in unfair and deceptive conduct directed towards the McCoys and each is a person subject to Massachusetts General Laws Chapter 93A, section 2 and 9 as each, at all times materials herein, has engaged in commercial activity.

The McCoys are entitled to make this demand, as they are each a person, other than a person entitled to bring an action under section eleven of the Consumer Protection Law, who has been injured by another person's use or employment of any method, act or practice declared to be unlawful by section two of the Consumer Protection Law.

## FURTHER DESCRIPTION OF UNFAIR AND DECEPTIVE CONDUCT

New England Aeronautics offers flight instruction.  Activity occurs with aircraft controlled or operated by New England Aeronautics and/or Nutt.

McCoys' Property in Ayer, Massachusetts, which is within a so-called "Noise Sensitive Area" described by the Federal Aviation Administration's *(FAA)*, consists of residential and business use property.

Continuing over the past three years (and even before that time) to the present, the McCoys have been substantially and deleteriously impacted in their use or enjoyment of McCoy's Property by inappropriate conduct, as detailed herein, by one or more of the above-named Respondents.  Such conduct has resulted in discomfort, inconvenience, and significant interference with McCoy's use and enjoyment of their property and their daily routine.  Respondents' inappropriate behavior has disturbed and disrupted the natural ambient quality of the area in which the Mcoys reside and work.

Respondents' inappropriate behavior has included intrusive aircraft operation taking place over the McCoys' Property, with knowledge (and purpose) that said flights greatly disturb, upset,

-2-

and interfere with the McCoys' quiet use and enjoyment of their home [including McCoys' pursuit of business enterprises, and the schooling of their children] by repeatedly operating aircraft at in a manner and at altitudes, producing harmful noise and disruption.

Concentrated aircraft maneuvers occur over and near critical town infrastructure (above-ground oil and propane storage tanks, electricity substations and power lines, air emergency helipad), thereby, placing the McCoys and their community, *(a so-called "Environmental Justice Population" Community)* at risk of harm from an accident.

Instructors with students intentionally target the McCoys' residence and other structures at their family's farm. Disruptive noise results from unusual changes in attitude and altitude of training aircraft performing steep banked turns, slow flight, "power-off" and "power-on" stalls, "chandelle" manuevers, "lazy eight" manuevers, straight and level flight, hedgehopping, climbs and descents, turns around a point. Aircraft in the New England Aeronautics fleet make multiple loud passes over (and in proximity to) McCoys' Property multiple times a day causing disruptive noise inside the McCoy's home. New England Aeronautics aircraft burn leaded aviation fuel; and, while doing so, disperse toxic pollutants.

A flight session can be an intentional flyover lasting from a few minutes to a longer session lasting up to forty-five (45) in length.

The McCoys' have communicated and complained of their concerns (and the personal impact of Respondents' behavior) directly to Nutt, to the Massachusetts Port Authority **("Massport"), to NHDOT/Bureau of Aeronautics,** to the Hanscom Field Advisory Community Advisory Commission, Massachusetts Department of Transportation Aeronautics **("MA DOT Aeronautics")**, local, state and federal legislators, local law enforcement and to the Federal Aviation Administration **("FAA")** and MassDevelopment. McCoys' efforts have been singularly unsuccessful. Not only have McCoys' efforts been unsuccessful, their efforts have been met with retaliation in the form of targeted flight activity and Respondents' generation of policies and directives to keep such intrusive activity over the McCoys' Property.

### DEMAND

The McCoys make the following demands:

a.    That Respondents immediately cease and desist from engaging in the foregoing activity and Respondents provide written assurances that they will not engage in such activity in the future; and,

b.    That Respondents will compensate the McCoys in the amount of $500,000 for the harm the Respondents' behavior has caused to the McCoys; and,

c.    That Respondents will not (directly or indirectly through others) retaliate against the McCoys for their efforts in seeking and demanding that the Respondents cease the above-described activity.

I must respectfully advise you that the foregoing demand is the McCoys' "single damage demand". Under the Massachusetts Consumer Protection Law referenced above, a Court of competent jurisdiction may award multiple damages in appropriate circumstances. In the case at hand, a Massachusetts Court might determine that one or more or all of the Respondents may be subject to not only actual damages but multiple damages of up to three times but no less than two times my clients' actual damages, together with interest, costs and attorney's fees.

Under Massachusetts law, a person subject to the provisions of the Consumer Protection Law, upon whom a demand has been submitted, has thirty days to supply a reasonable written offer of settlement. A failure to provide a reasonable offer of settlement may implicate the multiple damage provisions to which I have just alluded.

Should this demand be unsatisfied within such 30 day period, the McCoys reserve the right to withdraw their demand and to seek compensation and relief in excess of, and different than, that set forth herein.

Thank you for your attention to this matter.

Very truly yours,

Dennis R. Brown

DRB/sh
cc:   clients
      Carly Anderson
ref:   M:\Client Files\DAVID McCOY\Aircraft Harassment\Correspondence\DRAFT 93A DEMAND(ver3).wpd

# CAIN LAW OFFICES

June 21, 2024

*Via Email to dennis@drblaw.com and First Class Mail*

Dennis R. Brown, Esq.
DENNIS R. BROWN, P.C.
869 Concord Street
Framingham, MA 01701

> **Re:** Formal Response to Your June 5, 2024 Demand Letter Sent on
> behalf of David McCoy and Amy McCoy to East Coast Aero Club,
> Inc., Mark E. Holzwarth, Plane Nonsense Inc., % P&P Aviation,
> Inc., Tim Gresla, Michael Mignosa, and Ken Murphy.

Dear Attorney Brown:

I have been retained by East Coast Aero Club, Inc. ("East Coast Aero Club), Mark E. Holzwarth, Plane Nonsense Inc., % P&P Aviation, Inc., Tim Gresla, Michael Mignosa, and Ken Murphy (hereinafter "Respondents) to formally respond in writing to your June 5, 2024 correspondence, which you purport to have sent, "pursuant to the provisions of the Massachusetts Consumer Protection Law, Massachusetts General Laws Chapter 93A, Sections 2 and 9, on behalf of David McCoy and Amy McCoy (the "McCoys"), individuals residing at 187 Old Groton Road Ayer, Massachusetts 01432."[1]

As a preliminary matter, a claimant under G.L. c. 93A, § 9 must prove, as an essential element of the claim, the delivery of an adequate demand letter 30 days before commencing the action. *Boston* v. *Aetna Life Ins. Co.*, 379 Mass. 569, 574 (1987); *Ricky Smith Pontiac, Inc.* v. *Subaru of New England, Inc.*, 14 Mass.App.Ct. 396, 432, n. 42 (1982). To qualify as a proper demand under G.L. c. 93A, § 9(3), the letter must describe with reasonable specificity the unfair

---

[1] By providing you with this timely written response to your June 5, 2024 correspondence, Respondents fully reserve their right to contest the legal sufficiency of your letter as a statutory demand for relief under G.L. c. 93A, §9. Respondents also reserve their right to supplement or amend their response to reflect additional information which may be obtained in the future.

92 STATE STREET – 7TH FLOOR
BOSTON, MA 02109
O: (617) 651-0102
C: (617) 803-5416
EMAIL: KCAIN@CAINLAWOFFICES.COM
URL: WWW.CAINLAWOFFICES.COM

22 HALSEY STREET – SUITE 5
PROVIDENCE, RI 02906
O: (617) 651-0102
C: (617) 803-5416
EMAIL: KCAIN@CAINLAWOFFICES.COM
U: WWW.CAINLAWOFFICES.COM

or deceptive act relied upon in support of the c. 93A claim. *Gilleran, The Law of Chapter 93A*, 201 (1989); G.L. c. 93A, § 9(3) (demand must "reasonably describe the unfair or deceptive act relied upon"); *see Heller* v. *Silverbranch Construction Corp.* 376 Mass. 621, 627 (1978) (the demand letter must identify "specific unfair practices"); *Entrialgo* v. *Twin City Dodge, Inc.*, 368 Mass. 812, 813 (1975) (demand letter must list the specific deceptive practices claimed); *Mackenzie* v. *Auto Supermart, Inc.*, 1988 Mass.App.Div. 5, 7 (1988) ("It is now well established that the demand letter listing the specific deceptive practices claimed is a prerequisite to suit and must be alleged and proved.").

Your five (5) page letter fails to articulate any acts committed by any of the Respondents which might conceivably be considered an unfair and deceptive method of competition or an unfair and deceptive act or practice in the conduct of any trade or commerce. While strict privity may not be required under Section 9, any purported claim must still describe with reasonable particularity unfair methods of competition and/or any unfair or deceptive acts or practices in the conduct of any trade or commerce prohibited by statute, regulation, or case law in the Commonwealth of Massachusetts or prohibited by any interpretations given by the Federal Trade Commission and the Federal Courts to section 5(a)(1) of the Federal Trade Commission Act (15 U.S.C. 45(a)(1)), as from time to time amended.

The general and familiar rule is that a statute must be interpreted according to the intent of the Legislature ascertained from all its words construed by the ordinary and approved usage of the language, considered in connection with the cause of its enactment, the mischief or imperfection to be remedied and the main object to be accomplished, to the end that the purpose of its framers may be effectuated." *Hanlon v. Rollins*, 286 Mass. 444, 447 (1934). Accord *Dighton v. Federal Pac. Elec. Co.*, 399 Mass. 687, 694 (1987); *G.J.T., Inc. v. Boston Licensing Bd.*, 397 Mass. 285, 293 (1986). Ordinarily, if the language of a statute is unambiguous, it is conclusive as to "the purpose of its framers." See, e.g., *Boston Neighborhood Taxi Ass'n v. Department of Pub. Utils.*, ante 686; *Hoffman v. Howmedica, Inc.*, 373 Mass. 32, 37 (1977). Section 2 of Chapter 93A is unambiguous in limiting claims under the statute to methods of competition or an unfair and deceptive act or practice in the conduct of any trade or commerce which may cause harm. While the statute does reference the Federal Trade Commission and the Federal Trade Commission Act, the statute does not include a reference to either the Federal Aviation Administration, the Federal Aviation Act of 1958, or the Federal Aviation Reauthorization Act of 2024.

The National Airspace System, as exclusively administered by the Federal Aviation Administration (FAA), is a complex layout of several different layers of airspace categorized for specific need, function, or level of control. There are two main categories of airspaces: regulatory and nonregulatory. Within those two categories exist four types:

- Controlled
- Uncontrolled
- Special Use

2

• Other                                                                    Airspace

Uncontrolled airspace is known as Class Golf (G) and is the portion of airspace not designated as any of the previous airspaces. Class G extends from the surface to the base of the overlying Class E airspace. In this airspace pilots can operate as they choose, barring any regulatory requirements restricting their movement. The airspace above your client's home is Class G airspace and no regulatory restrictions are currently in effect which might possibly prohibit any of the maneuvers which your clients currently deem to be objectionable. You have not alleged violations of any FAA regulations applicable to operations within Class G airspace.

Additionally, each of the aircraft in the East Coast Aero Club meets the airworthiness standards set by the Federal Aviation Administration, including compliance with the noise standards applied by the FAA as part of the rigorous certification process. Ground and flight tests overseen by the FAA have demonstrated compliance with 14 CFR § 36 et seq, entitled, "Noise Standards: Aircraft Type and Airworthiness Certification." Pursuant to 49 U.S.C. 44715, the noise levels in this part of the Code of Federal Regulations have been determined to be as low as is economically reasonable, technologically practicable, and appropriate to the type of aircraft to which they apply. Because the FAA has addressed noise levels as part of its airworthiness determination, States are preempted from applying any conflicting airworthiness standards, including conflicting aircraft noise limitations. Here, the FAA has specifically addressed noise levels of the certificated aircraft in the East Coast Aero Club fleet and specifically found those levels to be "appropriate to the type of aircraft."

Furthermore, the recently enacted FAA Reauthorization Act as amended, 49 U.S.C. §44112(b), specifically precludes claims against lessors and owners for damages when others are in actual possession or operational control of the aircraft. The relevant section reads as follows:

> (b) LIABILITY.—A lessor, owner, or secured party is liable for
> personal injury, death, or property loss or damage only when
> a civil aircraft, aircraft engine, or propeller is in the **actual
> possession or operational control** of he lessor, owner, or secured
> party, and the personal injury, death, or property loss or damage
> occurs because of—
> (1) the aircraft, engine, or propeller; or
> (2) the flight of, or an object falling from, the aircraft, engine,
> or propeller.

For the forgoing reasons, the Respondents maintain that they cannot be held liable when operating in compliance with all FAA regulations applicable to Class G airspace, in certificated aircraft generating noise found to be appropriate to the type of aircraft to which they apply. Respondents also maintain that 49 U.S.C. §44112(b) prohibits all claims against them when they are not in actual possession or operational control of their aircraft.

Because your letter does not allege any actual monetary injury to your clients or any alleged physical manifestation to support a claim of emotional distress, Respondents are unable to assess the reasonableness of your $500,000.00 demand. However, out of an abundance of caution the Respondents hereby tender the sum of Twenty-five Dollars and 00/100 cents ($25.00) pursuant to the "safe harbor" provision in M.G.L. c. 93A, § 9(3). The Respondents' submission of this "safe harbor" tender constitutes a good faith effort to resolve disputed claims and as such, should not be considered an admission of liability to the claims asserted in your letter or any other subsequent proceedings.

Please be advised that, to the extent that your demand intends to include attorney's fees, the Respondents will not agree to pay for attorneys' fees incurred to date. It is well established that such a demand at this stage is improper under Chapter 93A. *Kohl v. Silver Lake Motors, Inc.*, 369 Mass. 795, 801, 802 (1976) ("the Legislature has allowed counsel fees only if suit has been brought"); *Leardi v. Brown*, 394 Mass. 151, 166 (1985) ("the demand for fees [at the demand letter] stage was improper").

If you wish to speak with me about any of the issues addressed in this letter, please do not hesitate to contact me directly at (617) 803-5416.

Very truly yours,

*Kevin C. Cain*

Kevin C. Cain

cc:    Mark E. Holzwarth
       Tim Gresla
       Michael Mignosa
       Ken Murphy

4

# EXHIBIT D

STEVEN J. DUTTON
Direct Dial: 603.628.1379
Email: steven.dutton@mclane.com
Admitted in NH, MA and VT
900 Elm Street, P.O. Box 326
Manchester, NH 03105-0326
T 603.625.6464
F 603.625.5650

July 15, 2024

**VIA EMAIL AND FIRST CLASS MAIL**

Dennis R. Brown, Esq.
Dennis R. Brown, P.C.
669 Concord Street
Framingham, MA 01701
dennis@drblaw.com

      **Re:**    **New England Aeronautics, Inc./John Nutt - Response to 93A Demand Letter**

Dear Attorney Brown:

Please be advised that this firm represents John Nutt and New England Aeronautics, Inc. (collectively, "New England Aeronautics"). This letter shall serve as New England Aeronautics's response to your purported Chapter 93A demand letter dated June 20, 2024 ("Demand Letter") on behalf of David McCoy and Amy McCoy (the "McCoys").

New England Aeronautics has reviewed the allegations contained in the Demand letter, and denies the allegations. New England Aeronautics further denies that M.G.L.A. c.93A applies to the allegations asserted at all. New England Aeronautics denies that it has engaged in unfair and/or deceptive practices, or that it is liable to the McCoys under any legal theory. Put simply, the allegations in the Demand Letter, which consistent almost entirely of generalities, are wholly without any factual or legal support, are demonstrably false. Moreover, the Demand Letter contains a number of misstatements. I will address each of the issues raised in your Demand Letter below.

As you know, Mr. Nutt is the principal of New England Aeronautics, a local, family owned flight school. New England Aeronautics has operated out of the Nashua Airport in Nashua, New Hampshire since it was founded in 2018. It is my understanding that your clients live at 187 Old Groton Road in Ayer, Massachusetts. Your Demand Letter asserts that the McCoys have been damaged as result of unfair and deceptive conduct related to the operation of New England Aeronautics' flight school, and seeks payment of $500,000 to compensate them for this alleged harm. Notably, the Demand Letter makes no effort to substantiate the $500,00 demand. As set forth below, these allegations have neither factual support nor legal merit, and my clients reject the McCoys' demand for payment of $500,000.

July 15, 2024
Page 2

Specifically, the Demand Letter asserts, generally:

The McCoys, residential homeowners in Ayer, Massachusetts, seek curtailment of, and relief from, substantial noise and consequent harm caused by incessant, concentrated low altitude, prolonged, and repeated aerobatic and non-aerobatic maneuvers (e.g., so-called "S-turns", steep banked turns, slow flight, power- off stalls, power-on stalls, chandelles, lazy eights, straight and level flight, climbs and descents, turns around a point) over and in the vicinity of McCoys' Property, causing noise, vibration, pollution and unnecessary direct exposure to toxic exhaust emissions.

The Demand Letter also contains the following conclusory allegations:

Instructors with students intentionally target the McCoys' residence and other structures at their family's farm. Disruptive noise results from unusual changes in attitude and altitude of training aircraft performing steep banked turns, slow flight, "power-off" and "power-on" stalls, "chandelle" manuevers, "lazy eight" manuevers, straight and level flight; hedgehopping, climbs and descents, turns around a point. Aircraft in the New England Aeronautics fleet make multiple loud passes over (and in proximity to) McCoys' Property multiple times a day causing disruptive noise inside the McCoy's home. New England Aeronautics aircraft burn leaded aviation fuel; and, while doing so, disperse toxic pollutants.

These allegations are not only general in nature without any specific support, they are demonstrably false. New England Aeronautics tracks each and every flight conducted in its aircraft by Automatic Surveillance – Broadcast ("ADS-B"). This technology allows Air Traffic Control and others to see the aircraft call sign, altitude and location on a real-time basis. We have reviewed this data, and it completely contradicts the allegations in the Demand Letter set forth above. Indeed, it shows that New England Aeronautics' aircraft do not loiter over the McCoys' property and certainly do not perform maneuvers overhead. Its aircraft do, on occasion, fly over the Mcoys' neighborhood but these flights are direct flight and at higher altitudes. There are no low altitude maneuvering over their property as the McCoys' have stated.

With respect to the particular maneuvering asserted in the Demand Letter, New England Aeronautics has reviewed its flight track data to confirm and responds as follows:

- Aerobatic maneuvers – This allegation is false. New England Aeronautics does not operate aerobatic airplanes and cannot teach these maneuvers.
- S-Turns – This Allegation is false. While New England Aeronautics does provide instruction on these maneuvers, this typically occurs in or around the Lowell, MA or the Townsend, MA area. These maneuvers are done far away from where the McCoys' property.

July 15, 2024
Page 3

- Turns-around-point - This Allegation is false. While New England Aeronautics does provide instruction on these maneuvers, these do not occur on or near the McCoys' property. New England Aeronautics is aware of one occasion where a new flight instructor provided instruction near the area of the McCoys' property. When Mr. Nutt learned of this event, the instructor was immediately reprimanded and told not to allow it to occur again. To New England Aeronautics' knowledge, this has not happened since.
- Steep Turns – This Allegation is false. While New England Aeronautics does provide instruction on these maneuvers, this typically occurs in or around the Towsend, MA area or West of the Nashua Airport, and not anywhere near the McCoys' property.
- Slow Flight – This Allegation is false. While New England Aeronautics does provide instruction on these maneuvers, this typically occurs in or around the Towsend, MA area or West of the Nashua Airport. Further, it is worth noting that when you fly airplanes at slow airspeeds, the power is brought back to minimum and this makes airplane noise almost not audible, which is contrary to the complaints asserted by the McCoys.
- Power-off & Power-on Stalls – This Allegation is not supported. While New England Aeronautics does provide instruction on these maneuvers, this typically occurs in or around the Towsend, MA area or West of the Nashua Airport.
- Chandelles – This Allegation is not supported. While New England Aeronautics does provide instruction on these maneuvers, this typically occurs in or around the Towsend, MA area or West of the Nashua Airport. It also worth noting that the entry altitude for this maneuver is mandated by the FAA not to be initiated or attempted at an altitude less than 1500 Feet above ground level and it is a maximum performance climb with a 180° change in direction. The airplane is higher above the ground an climbing, not maneuvering low to the ground.
- Lazy-eights – This Allegation is false. While New England Aeronautics does provide instruction on these maneuvers, this typically occurs in or around the Towsend, MA area or West of the Nashua Airport, and not anywhere near the McCoys' property.
- Straight & Level – This Allegation is not supported. These maneuvers are sometimes taught by New England Aeronautics, but are performed at higher altitudes only. This maneuver is strictly from point to point.
- Climbs & Descents – This Allegation is not supported. While New England Aeronautics does provide instruction on these maneuvers, this typically occurs in or around the Towsend, MA area or West of the Nashua Airport.
- Toxic exhaust emissions - This Allegation is not supported. The FAA mandates the type of fuel used by New England Aeronautics.

Most concerning, however, are the allegations in the Demand Letter that:

July 15, 2024
Page 4

The McCoys' have communicated and complained of their concerns (and the personal impact of Respondents' behavior) directly to Nutt[.] Not only have McCoys' efforts been unsuccessful, their efforts have been met with retaliation in the form of targeted flight activity and Respondents' generation of policies and directives to keep such intrusive activity over the McCoys' Property.

This is false. At no point have the McCoys communicated directly with Mr. Nutt. Moreover, as provided above, New England Aeronautics has not engaged in the behavior complained of near the McCoys' property at all, let alone engaged in any retaliation. If the McCoys had actually approached Mr. Nutt to discuss their concerns, he would have been able to explain to him that his flight school is not responsible for any of the issues the McCoys have experienced. Indeed, it is Mr. Nutt's understanding the McCoys have made a number of complaints over the years against other flight schools or other flight operations making similar allegations, including commencing litigation. It may be that other flight schools are instructing in the manner the McCoy's complain of in the Demand Letter, but their allegations against New England Aeronautics are misplaced.

As set forth above, New England Aeronautics denies the allegations, and has reviewed its flight tracking data to confirm that the complaints raised in the Demand Letter are false and without merit as to New England Aeronautics. As a result, my client denies all liability and rejects the demands set forth in your letter.

Please contact me should you like to discuss this matter further.

Sincerely,

/s/ Steven J. Dutton

Steven J. Dutton

cc      New England Aeronautics, Inc. (via email)

74252\24011368.v1

3

## Commonwealth of Massachusetts
### The Trial Court
### Superior Court Department

__Middlesex__    Division                                    Docket No. _24CU2958_

### UNIFORM COUNSEL CERTIFICATION FORM

Case Caption:  David McCoy et al. v. East Coast Aero Club, Inc., et al.

I am attorney of record
for:                                    David McCoy and Amy McCoy, Plaintiffs

     In the above-entitled matter.

In accordance with Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute
Resolution (SJC Rule 1:18) which states in part:

> "...Attorneys shall provide their clients with this information about court-
> connected dispute resolution services; discuss with their clients the
> advantages and disadvantages of the various methods of dispute
> resolution; and certify their compliance with this requirement on the civil
> cover sheet or its equivalent."

I hereby certify that I have complied with this requirement.

                   _Dennis R. Brown_
                   Signature of Attorney-of-Record

```
FILED
IN THE OFFICE OF THE
CLERK OF COURTS
FOR THE COUNTY OF MIDDLESEX

NOV 0 7 2024

CLERK
```

**Dennis R. Brown**
                Print Name

**B.B.O.
#**                **059980**

**Date:** _____

## INSTRUCTIONS:

**Plaintiff's/Petitioner's counsel shall file this document at the time his/her initial pleading is
filed. All other counsel shall file it within thirty (30) days of his/her initial entry into the case
whether by answer, motion, appearance slip or other pleading.**

M:\Client Files\DAVID McCOY\Aircraft Harassment\Notes\WIP Complaints\Final\Uniform Counsel Certification Form.wpd/1

| CIVIL TRACKING ORDER<br>(STANDING ORDER 1- 88) | DOCKET NUMBER<br><br>2481CV02938 | Trial Court of Massachusetts<br>The Superior Court |
|---|---|---|

| CASE NAME:<br>McCoy, David et al vs. East Coast Aero Club, Inc. et al | Michael A. Sullivan, Clerk of Court<br>Middlesex County |
|---|---|

| TO: Dennis R Brown, Esq.<br>Dennis R. Brown, P.C.<br>869 Concord St<br>Framingham, MA 01701 | COURT NAME & ADDRESS<br>Middlesex Superior - Lowell<br>370 Jackson Street<br>Lowell, MA 01852 |
|---|---|

### TRACKING ORDER - F - Fast Track

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

| STAGES OF LITIGATION | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court | | 02/05/2025 | |
| Response to the complaint filed (also see MRCP 12) | | 03/07/2025 | |
| All motions under MRCP 12, 19, and 20 | 03/07/2025 | 04/07/2025 | 05/06/2025 |
| All motions under MRCP 15 | 03/07/2025 | 04/07/2025 | 05/06/2025 |
| All discovery requests **and depositions** served and non-expert depositions completed | 09/03/2025 | | |
| All motions under MRCP 56 | 10/03/2025 | 11/03/2025 | |
| Final pre-trial conference held and/or firm trial date set | | | 03/02/2026 |
| Case shall be resolved and judgment shall issue by | | | 11/09/2026 |

**The final pre-trial deadline is <u>not the scheduled date of the conference</u>.** You will be notified of that date at a later time.

**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**

This case is assigned to

| DATE ISSUED | ASSISTANT CLERK | PHONE |
|---|---|---|
| 11/07/2024 | **Amanda Rowan** | (978)453-4181 |

## 2481CV02938 McCoy, David et al vs. East Coast Aero Club, Inc. et al

- Case Type:
  Torts
- Case Status:
  Open
- File Date
  11/07/2024
- DCM Track:
  F - Fast Track
- Initiating Action:
  Other Tortious Action
- Status Date:
  11/07/2024
- Case Judge:

- Next Event:

| All Information | Party | Tickler | Docket | Disposition |

### Party Information

**McCoy, David**
- Plaintiff

| Alias | Party Attorney |
|-------|----------------|
| | • Attorney |
| | • Brown, Esq., Dennis R |
| | • Bar Code |
| | • 059980 |
| | • Address |
| | • Dennis R. Brown, P.C. |
| | 869 Concord St |
| | Framingham, MA 01701 |
| | • Phone Number |
| | • (508)879-6300 |

More Party Information

**McCoy, Amy**
- Plaintiff

| Alias | Party Attorney |
|-------|----------------|
| | • Attorney |
| | • Brown, Esq., Dennis R |
| | • Bar Code |
| | • 059980 |
| | • Address |
| | • Dennis R. Brown, P.C. |
| | 869 Concord St |
| | Framingham, MA 01701 |
| | • Phone Number |
| | • (508)879-6300 |

More Party Information

**East Coast Aero Club, Inc.**
- Defendant

| Alias | Party Attorney |
|-------|----------------|

More Party Information

**Plane Nonsense**
- Defendant

| Alias | Party Attorney |
|-------|----------------|

More Party Information

**Holzwarth, Mark**
- Defendant

| Alias | Party Attorney |
|-------|----------------|

More Party Information

| Docket Date | Docket Text | File Ref Nbr. | Image Avail. |
|---|---|---|---|
| 11/07/2024 | Plaintiff files Uniform Counsel Certification. | 3 | Image |
| | Applies To: Brown, Esq., Dennis R (Attorney) on behalf of McCoy, David (Plaintiff) | | |
| 11/07/2024 | Claim filed under 93A | | |
| 11/12/2024 | Docket Note: Summons Sent out 11/12/24 | | |
| 12/06/2024 | Service Returned for Defendant New England Aeronautics, Inc.: Service via certified mail; | 4 | Image |
| | On 11/29/24 at 12 Woodland Drive, Londonderry, NH 03053 | | |
| 12/06/2024 | Service Returned for Defendant Nutt, John: Service via certified mail; | 5 | Image |
| | On 11/29/24 at 12 Woodland Drive, Londonderry, NH 03053 | | |

## Case Disposition

| Disposition | Date | Case Judge |
|---|---|---|
| Pending | | |

**Gresla, Tim**
- Defendant

| Alias | Party Attorney |
|---|---|

More Party Information

**Mignosa, Michael**
- Defendant

| Alias | Party Attorney |
|---|---|

More Party Information

**Murphy, Ken**
- Defendant

| Alias | Party Attorney |
|---|---|

More Party Information

**Nutt, John**
- Defendant

| Alias | Party Attorney |
|---|---|

More Party Information

**New England Aeronautics, Inc.**
- Defendant

| Alias | Party Attorney |
|---|---|

More Party Information

## Ticklers

| Tickler | Start Date | Due Date | Days Due | Completed Date |
|---|---|---|---|---|
| Service | 11/07/2024 | 02/05/2025 | 90 | |
| Answer | 11/07/2024 | 03/07/2025 | 120 | |
| Rule 12/19/20 Served By | 11/07/2024 | 03/07/2025 | 120 | |
| Rule 12/19/20 Filed By | 11/07/2024 | 04/07/2025 | 151 | |
| Rule 12/19/20 Heard By | 11/07/2024 | 05/06/2025 | 180 | |
| Rule 15 Served By | 11/07/2024 | 03/07/2025 | 120 | |
| Rule 15 Filed By | 11/07/2024 | 04/07/2025 | 151 | |
| Rule 15 Heard By | 11/07/2024 | 05/06/2025 | 180 | |
| Discovery | 11/07/2024 | 09/03/2025 | 300 | |
| Rule 56 Served By | 11/07/2024 | 10/03/2025 | 330 | |
| Rule 56 Filed By | 11/07/2024 | 11/03/2025 | 361 | |
| Final Pre-Trial Conference | 11/07/2024 | 03/02/2026 | 480 | |
| Judgment | 11/07/2024 | 11/09/2026 | 732 | |

## Docket Information

| Docket Date | Docket Text | File Ref Nbr. | Image Avail. |
|---|---|---|---|
| 11/07/2024 | Attorney appearance<br>On this date Dennis R Brown, Esq. added for Plaintiff David McCoy | | |
| 11/07/2024 | Attorney appearance<br>On this date Dennis R Brown, Esq. added for Plaintiff Amy McCoy | | |
| 11/07/2024 | Case assigned to:<br>DCM Track F - Fast Track was added on 11/07/2024 | | |
| 11/07/2024 | Original civil complaint filed. | 1 | Image |
| 11/07/2024 | Civil action cover sheet filed. | 2 | Image |
| 11/07/2024 | Demand for jury trial entered. | | |

# Commonwealth of Massachusetts

MIDDLESEX,SS.

TRIAL COURT OF THE COMMONWEALTH
SUPERIOR COURT DEPARTMENT
CIVIL DOCKET NO. 2481CV02938

DAVID McCOY, et al., PLAINTIFF(S),

V.

EAST COAST AERO CLUB, INC. DEFENDANT(S)
et al.



## SUMMONS

THIS SUMMONS IS DIRECTED TO JOHN NUTT . (Defendant's name)

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the MIDDLESEX SUPERIOR Court. **YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1. **You must respond to this lawsuit in writing within 20 days.** If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

2. **How to Respond.** To respond to this lawsuit; you must file a written response with the court **and** mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:

   a. Filing your **signed original** response with the Clerk's Office for Civil Business, MIDDLESEX Court, 370 JACKSON ST., LOWELL, MA 01852 (address), by mail or in person, **AND**

   b. Delivering or mailing a **copy** of your response to the Plaintiff's Attorney/Plaintiff at the following address: 8109 CONCORD ST., FRAMINGHAM, MA 01701

3. **What to include in your response.** An **"Answer"** is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as **counterclaims**) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your Answer or in a written demand for a jury trial that you must send to the other side and file with the court no more than 10 days after sending your Answer. You can also respond to a Complaint by filing a **"Motion to Dismiss,"** if you believe that the complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Mass. R. Civ. P. 12.** If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at www.mass.gov/courts/case-legal-res/rules of court.

## Commonwealth of Massachusetts

MIDDLESEX,SS.

TRIAL COURT OF THE COMMONWEALTH
SUPERIOR COURT DEPARTMENT
CIVIL DOCKET NO. 2481CV02938

David Mday, et al , PLAINTIFF(S),

V.

East Const Aero Club, DEFENDANT(S)
Inc. et Al

### SUMMONS

THIS SUMMONS IS DIRECTED TO New England Aeronautics, (Defendant's name)
Inc.

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the
Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been
filed in the Middlesex Superior Court. **YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1.  **You must respond to this lawsuit in writing within 20 days.** If you do not respond, the court may decide
    the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the
    opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect
    to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an
    extension of time in writing from the Court.**

2.  **How to Respond.** To respond to this lawsuit, you must file a written response with the court **and** mail a
    copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:
    a.  Filing your **signed original** response with the Clerk's Office for Civil Business, Middlesex Court, 370 Jackson
        St. Lowell, MA 01852 (address), by mail or in person, **AND**
    b.  Delivering or mailing a **copy** of your response to the Plaintiff's Attorney/Plaintiff at the following
        address: 869 Concord St. Framingham, MA 01701

3.  **What to include in your response.** An **"Answer"** is one type of response to a Complaint. Your Answer
    must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint.
    Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to
    use them in court. If you have any claims against the Plaintiff (referred to as **counterclaims**) that are
    based on the same facts or transaction described in the Complaint, then you must include those claims
    in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this
    lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your
    Answer or in a written demand for a jury trial that you must send to the other side and file with the
    court no more than 10 days after sending your Answer. You can also respond to a Complaint by filing a
    **"Motion to Dismiss,"** if you believe that the complaint is legally invalid or legally insufficient. A Motion
    to Dismiss must be based on one of the legal deficiencies or reasons listed under **Mass. R. Civ. P. 12.** If
    you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions"
    described in the rules of the Court in which the complaint was filed, available at
    www.mass.gov.courts/case-legal-res/rules of court.