UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

Docket No.: 1:24-CV-13172-DJC

| | |
|---|---|
| David McCoy and Amy McCoy<br>    Plaintiffs, | )<br>)<br>) |
| vs. | )<br>) |
| East Coast Aero Club Inc.,<br>Plane Nonsense, Mark Holzwarth,<br>Tim Gresla, Michael Mignosa,<br>Ken Murphy, John Nutt and<br>New England Aeronautics, Inc.<br>    Defendants | )<br>)<br>)<br>)<br>)<br>)<br>) |

## ANSWER, COUNTERCLAIMS AND CLAIM FOR TRIAL BY JURY OF JOHN NUTT AND NEW ENGLAND AERONAUTICS, INC.

### I. INTRODUCTION[1]

The allegations in the Introduction state conclusions of law and requests for relief; and are thus denied.

### II. PARTIES

1. The Defendants are without sufficient information and knowledge to form a belief as to the truth of the allegations, therefore deny the allegations and call upon the Plaintiffs to prove the same.

2. The Defendants are without sufficient information and knowledge to form a belief as to the truth of the allegations, therefore deny the allegations and call upon the Plaintiffs to prove the same.

3. The Defendants are without sufficient information and knowledge to form a belief as to the truth of the allegations, therefore deny the allegations and call upon the Plaintiffs to prove the same.

---

[1] Defendants reproduce the headings used by Plaintiffs in their Complaint solely for ease of reference. Reproduction of those headings in this responsive pleading is not and should not be construed in any way as an admission of the truth, accuracy, relevance or appropriateness of those headings or the allegations laid thereunder, or that such claims or cause of action exist or have been properly pleaded.

1

4. The Defendants are without sufficient information and knowledge to form a belief as to the truth of the allegations, therefore deny the allegations and call upon the Plaintiffs to prove the same.

5. The Defendants are without sufficient information and knowledge to form a belief as to the truth of the allegations, therefore deny the allegations and call upon the Plaintiffs to prove the same.

6. The Defendants are without sufficient information and knowledge to form a belief as to the truth of the allegations, therefore deny the allegations and call upon the Plaintiffs to prove the same.

7. The Defendants are without sufficient information and knowledge to form a belief as to the truth of the allegations, therefore deny the allegations and call upon the Plaintiffs to prove the same.

8. The Defendants are without sufficient information and knowledge to form a belief as to the truth of the allegations, therefore deny the allegations and call upon the Plaintiffs to prove the same.

9. The Defendants admit the allegations contained in paragraph 9.

10. The Defendants admit the allegations contained in paragraph 10.

## III. FACTS

11. The Defendants are without sufficient information and knowledge to form a belief as to the truth of the allegations, therefore deny the allegations and call upon the Plaintiffs to prove the same.

12. The Defendants are without sufficient information and knowledge to form a belief as to the truth of the allegations, therefore deny the allegations and call upon the Plaintiffs to prove the same.

13. The Defendants deny the allegations contained in paragraph 13.

14. The Defendants deny the allegations contained in paragraph 14.

<u>Defendants' Activities</u>

15. The Defendants deny the allegations contained in paragraph 15.

16. The Defendants deny the allegations contained in paragraph 16.

17. The Defendants deny the allegations contained in paragraph 17.

18. The Defendants deny the allegations contained in paragraph 18.

19. The Defendants deny the allegations contained in paragraph 19.

20. The Defendants deny the allegations contained in paragraph 20.

21. The Defendants deny the allegations contained in paragraph 21.

22. The Defendants deny the allegations contained in paragraph 22.

23. The Defendants deny the allegations contained in paragraph 23.

24. The Defendants deny the allegations contained in paragraph 24.

## COUNT I
## (NUISANCE)

25. The Defendants reallege and reaver the responses contained in paragraphs 1 through 24 and incorporate the same herein by reference.

26. The Defendants deny the allegations contained in paragraph 26.

27. The Defendants deny the allegations contained in paragraph 27.

28. The Defendants deny the allegations contained in paragraph 28.

29. The Defendants deny the allegations contained in paragraph 29.

## COUNT II
## (NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS)

30. The Defendants reallege and reaver the responses contained in paragraphs 1 through 29 and incorporate the same herein by reference.

31. The Defendants deny the allegations contained in paragraph 31.

32. The Defendants deny the allegations contained in paragraph 32.

33. The Defendants deny the allegations contained in paragraph 33.

34. The Defendants deny the allegations contained in paragraph 34.

35. The Defendants deny the allegations contained in paragraph 35.

## COUNT III
## (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

36. The Defendants reallege and reaver the allegations contained in paragraphs 1 through 35 and incorporate the same herein by reference.

37. The Defendants deny the allegations contained in paragraph 37.

38. The Defendants deny the allegations contained in paragraph 38.

39. The Defendants deny the allegations contained in paragraph 39.

40. The Defendants deny the allegations contained in paragraph 40.

41. The Defendants deny the allegations contained in paragraph 41.

## COUNT IV
## (UNFAIR AND DECEPTIVE ACTS AND PRACTICES)

42. The Defendants reallege and reaver the allegations contained in paragraphs 1 through 41 and incorporate the same herein by reference.

43. The Defendants deny the allegations contained in paragraph 43.

44. The Defendants deny the allegations contained in paragraph 44.

45. The Defendants are without sufficient information or knowledge as to form a belief as to the truth of the allegations, therefore deny the allegations and call upon the Plaintiffs to prove the same.

46. The Defendants only admit that a letter dated June 20, 2024 was forwarded to the Defendants. The Defendants deny all remaining allegations in paragraph 46.

47. The Defendants are without sufficient information or knowledge as to form a belief as to the truth of the allegations, therefore deny the allegations and call upon the Plaintiffs to prove the same.

48. The Defendants only admit that a "July 15 Reply Letter" was forwarded on behalf of the Defendants. Defendants deny all remaining allegations contained in paragraph 48.

49. The Defendants deny the allegations contained in paragraph 49.

50. The Defendants deny the allegations contained in paragraph 50.

## REQUESTED RELIEF

1. The Defendants deny that the Plaintiffs are entitled to the relief requested in paragraph 1.

2. The Defendants deny that the Plaintiffs are entitled to the relief requested in paragraph 2.

3. The Defendants deny that the Plaintiffs are entitled to the relief requested in paragraph 3.

4. The Defendants deny that the Plaintiffs are entitled to the relief requested in paragraph 4.

5. The Defendants deny that the Plaintiffs are entitled to the relief requested in paragraph 5.

6. The Defendants deny that the Plaintiffs are entitled to the relief requested in paragraph 6.

7. The Defendants deny that the Plaintiffs are entitled to the relief requested in paragraph 7.

## **AFFIRMATIVE DEFENSES**

### First Affirmative Defense

The complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

The Plaintiffs' claims are barred on account of an accord and satisfaction.

### Third Affirmative Defense

The Plaintiffs' complaint is barred because any claims of the Plaintiffs were released.

### Fourth Affirmative Defense

The Plaintiffs lack standing to pursue the claims made in the complaint.

### Fifth Affirmative Defense

The Plaintiffs are barred from claiming any damages since the Defendants lawfully operated their aircraft consistent with FAA regulations applicable to operations in Class G Airspace.

### Sixth Affirmative Defense

The Plaintiffs are barred from claiming any damages since all aircraft operated by the Defendants complied with 14 C.F.R. § 36 et seq; Noise Standards: Aircraft Type and Airworthiness Certification.

### Seventh Affirmative Defense

The Plaintiffs are barred from claiming any damages since the claims are precluded under 49 U.S.C. §44112(b).

### Eighth Affirmative Defense

The Plaintiffs are barred from claiming any damages since the Federal Aviation

Association (FAA) governs the use of airspace; and the Plaintiffs have not exhausted administrative remedies with the FAA.

### Nineth Affirmative Defense

All or substantially all of the Plaintiff's claims are wholly insubstantial, frivolous and not advanced in good faith; and as a result, the Plaintiffs are obligated to pay the Defendants reasonable counsel fees, costs and expenses.

### Tenth Affirmative Defense

No conduct by the Defendants has caused the Plaintiffs any injury or loss.

### Eleventh Affirmative Defense

The Plaintiffs are not entitled to recover due to their failure to mitigate damages.

### Twelfth Affirmative Defense

The Plaintiffs' claims are barred in whole or in part by the doctrines of waiver, estoppel and/or laches.

### Thirteenth Affirmative Defense

The Plaintiffs have spoliated evidence which has prejudiced the Defendants, and therefore the Plaintiffs' complaint should be dismissed.

### Fourteenth Affirmative Defense

The Plaintiffs' complaint is barred by the applicable statute of limitations.

### Fifteenth Affirmative Defense

The damages complained of were caused in whole or in part by the negligence of the Plaintiffs which negligence exceeded any negligence of the Defendants.

### Sixteenth Affirmative Defense

If the Plaintiffs were damages as alleged, said damages were caused by the acts or omissions of persons for whose conduct the Defendants are not legally responsible.

### Seventeenth Affirmative Defense

If the Plaintiffs were damaged as alleged, said damages were the result of an unforeseeable intervening cause for which the Defendants are not responsible.

### Eighteenth Affirmative Defense

The Plaintiffs have failed to tender a proper G.L. c. 93A demand letter prior to instituting this suit and have otherwise failed to satisfy other conditions precedent to suit.

### Nineteenth First Affirmative Defense

The complaint fails to state a claim against the Defendants upon which relief may be granted in that the Plaintiffs are not entitled to recovery under G.L. c. 93A.

### Twentieth Affirmative Defense

The complaint fails to state sufficient facts or a cause of action against the Defendant, John Nutt, individually.

### Twenty-First Affirmative Defense

Defendants reserve the right to assert additional affirmative defenses based upon information learned or obtained through discovery.

**WHEREFORE,** the Defendants, John Nutt and New England Aeronautics, Inc demand that:

1. Judgment enter for Defendants on all counts of Plaintiffs' complaint, and that Plaintiffs' complaint be dismissed with prejudice;
2. This Court find in accordance with G.L., c 231, §6F, that the within action was wholly insubstantial, frivolous and not advanced in good faith;
3. Defendants be awarded attorney fees and costs; and
4. For such further relief as this Court deems just and appropriate.

## COUNTERCLAIMS

## PARTIES

1. The Plaintiffs upon information and belief are residents of Ayer, Massachusetts.

2. The Defendants, John Nutt and New England Aeronautics, Inc. ("Nutt and NEA") are the owners and operators of a flight training facility located at the Nashua, New Hampshire airport (ASH).

## FACTS

3. Nutt and NEA have operated the flight training facility since 2018, all in accordance with the provisions of 14 C.F.R. 61 et. seq.; Part 61.

4. Based upon data retrieved and compiled by NEA from January 2021 through December 2024, only .52% of the 3,825 NEA aircraft flew over property, all at 3,000 AGL (above ground level) or above, except for one.

5. None of the NEA flights from 2021 through 2014 were continuous, intrusive, noisy nor at low altitudes as alleged by the Plaintiffs. As such, all NEA aircraft were in full compliance with FAA regulations.

6. Plaintiffs previously filed an analogous action sounding in negligence/nuisance against multiple Defendants, alleging the same type of conduct, alleged low altitude flights over thickly settled areas. *Robert F. Casey, Jr., et al. v. Goulian, et al.,* Middlesex Superior Court docket #0381 CV 01949.

7. The previous matter was settled without the issuance of injunctive relief nor the payment of money damages.

8. The actions of the Plaintiffs in initiating this action were done to intentionally interfere with the Defendants' business operations.

9. The Plaintiff commenced the within process for improper and ulterior purposes which have caused the Defendants to suffer damages.

10. At the time the Plaintiffs filed the within action they knew or should have known their claims were baseless, but nonetheless proceeded for the sole purpose of causing damages to the Defendants.

11. The Plaintiffs' actions as stated heretofore were done intentionally and have caused the Defendants great damage, including severe emotional distress.

12. The Plaintiffs' actions as stated heretofore were done negligently and have caused the Defendants great damage, including severe emotional distress.

# COUNT I
## ABUSE OF PROCESS

13. The Defendants, reallege and reavers the allegations contained in paragraphs 1 through 12 of their Counterclaim as if set forth heretofore.

14. The actions of the Plaintiffs in initiating this matter were done wrongfully and maliciously for an improper and ulterior motive with the intent to injure and harass the Defendants.

15. As a result of the Plaintiffs' actions, the Defendants have been damaged.

**WHEREFORE,** the Defendants, John McNutt and New England Aeronautics, Inc. demand Judgment against the Plaintiffs, David McCoy and Amy McCoy in an amount to be determined by the Jury.

# COUNT II
## MALICIOUS PROSECUTION

16. The Defendants reallege and reaver the allegations contained in paragraphs 1 through 15 of their Counterclaims as if set forth heretofore.

17. The Plaintiffs' claims against Defendants are not based upon a reasonable belief that their claims may be held valid upon adjudication.

18. The Plaintiffs lack a good faith basis or probable cause for their claims against the Defendants.

19. The Plaintiffs' claims are asserted in bad faith and for an improper motive.

20. The Plaintiffs' claims will likely be dismissed; and thus terminate in Defendants' favor.

21. As a direct and proximate result of the Plaintiffs' actions as stated heretofore, the Defendants have suffered damages.

**WHEREFORE,** the Defendants, John Nutt and New England Aeronautics, Inc. demand Judgment against the Plaintiffs David McCoy and Amy McCoy in an amount to be determined by the Jury.

# COUNT III
## INTENTION INFLICTION OF EMOTIONAL DISTRESS
### (On behalf of John Nutt)

22. The Defendants reallege and reaver the allegations contained in paragraphs 1 through 21 of their Counterclaim as if set forth heretofore.

23. The Plaintiffs intended to cause emotional distress to the Defendant, John Nutt or knew or should have known that emotional distress would result from their actions as stated heretofore.

24. The Plaintiffs' actions in initiating this action without a sufficient factual or legal basis was extreme and outrageous, including naming the Defendant individually.

25. The Plaintiffs' conduct was the direct and proximate cause of the Defendant's emotional distress.

26. It is reasonably anticipated that the Defendant would be expected to suffer the emotional distress that resulted from the Plaintiffs' conduct.

**WHEREFORE,** the Defendant, John Nutt demands judgment against the Plaintiffs, David McCoy and Amy McCoy in an amount to be determined by the Jury.

# COUNT IV
## INTENTION INFLICTION OF EMOTIONAL DISTRESS
### (On behalf of John Nutt)

27. The Defendants reallege and reaver the allegations contained in paragraphs 1 through 26 of their Counterclaim as if set forth heretofore.

28. The Plaintiffs negligently caused emotional distress to the Defendant, John Nutt or knew or should have known that emotional distress would result from their actions as stated heretofore.

29. The Plaintiffs' actions in initiating this action without a sufficient factual or legal basis was extreme and outrageous, including naming the Defendant individually.

30. The Plaintiffs' conduct was the direct and proximate cause of the Defendant's emotional distress.

31. It is reasonably anticipated that the Defendant would be expected to suffer the emotional distress that resulted from the Plaintiffs' conduct.

**WHEREFORE,** the Defendant, John Nutt demands judgment against the Plaintiffs, David McCoy and Amy McCoy in an amount to be determined by the Jury.

### DEFENDANTS NEW ENGLAND AERONAUTICS, INC. AND JOHN NUTT DEMAND A TRIAL BY JURY ON ALL ISSUES

Respectfully submitted,
New England Aeronautics, Inc.
And John Nutt,
By Their Attorneys,

Dated: January 15, 2025

*/s/ Louis J. Muggeo*
Louis J. Muggeo, Esq.
LOUIS J. MUGGEO & ASSOCIATES
133 Washington Street
Salem, MA 01970
(978) 741-1177
BBO #359220
lmuggeo@ljmassoc.com

### CERTIFICATE OF SERVICE

I hereby certify under the pains and penalties of perjury that I served a copy of the foregoing pleading on all parties by electronic service to counsel of record listed below on January 15, 2025 to:

Dennis R. Brown, Esq., (dennis@drblaw.com)
Dennis R. Brown, P.C.
869 Concord Street
Framingham, MA 01701
Tel: 508-879-6300

*/s/ Louis J. Muggeo*
Louis J. Muggeo, Esq.