UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MIDDLESEX, SS.                                         CIVIL ACTION NO.:1:24-CV-13172-DJC

| | |
|---|---|
| DAVID McCOY and AMY McCOY, Plaintiffs, | ) ) ) |
| v. | ) ) |
| EAST COAST AERO CLUB, INC., ET AL | ) ) ) |
| Defendants. | ) |

### PLAINTIFFS' REPLY TO DEFENDANTS' OPPOSITION TO MOTION TO VACATE REMOVAL

#### I. INTRODUCTION

Defendants oppose Plaintiffs' Motion to Vacate Removal and Remand, asserting that Plaintiffs' state law claims either require interpretation of federal law or are preempted by federal aviation regulations. Defendants fail to demonstrate that the Federal Aviation Act *("FA Act")* provides a private right of action or that it preempts state law remedies.

Plaintiffs' claims are grounded in state tort law, with Defendants' retaliatory conduct forming the basis of the nuisance. Plaintiffs seek relief for harm caused by Defendants' actions, not to regulate aircraft noise. They do not allege violations of federal regulations or suggest that Defendants comply with state aviation laws. The availability of common law remedies supports the conclusion that this case belongs in state court.

#### II. LEGAL STANDARD

Unless a federal statute provides a private right of action, courts presume Congress did not intend to confer federal jurisdiction. **PCS 2000 LP v. Romulus Telecomms., Inc., 148 F.3d 32, 35 (1st Cir. 1998).** While federal preemption is generally a defense, when state law is fully preempted, any claim based on that law becomes a federal claim. **Caterpillar Inc. v. Williams, 482 U.S. 386, 393 (1987).** The complete preemption doctrine is a narrow exception to the well-pleaded complaint rule. **Massachusetts v.**

1

*Exxon Mobil Corporation*, 462 F. Supp. 3d 31, 39 (2020). The defendant must show Congress intended federal law to provide the exclusive cause of action; if not, the case must be remanded to state court. *American Federation of State, County, and Mun. Employees, Council 93 v. Gordon*, 505 F. Supp. 2d 183, 191 (2007). The mere presence of a federal preemption defense does not create federal jurisdiction. *Id. at 188.*

### III. ARGUMENT

#### A. PLAINTIFFS' STATE LAW CLAIMS DO NOT "ARISE UNDER" FEDERAL LAW AND THUS SHOULD BE ADJUDICATED IN STATE COURT.

Defendants cite *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005) to argue that Plaintiffs' claims arise under federal law.[1] *Grable* is inapplicable here. Unlike *Grable*, Plaintiffs' claims do not seek to interpret or enforce any federal aviation regulation.

Defendants offer findings from *City of Tipp City v. City of Dayton*, 204 F.R.D. 388, 395-396 (S.D. Ohio 2001) to further their argument that Plaintiffs' claims implicate federal law. While the *Tipp City* court acknowledged that federal law did not completely preempt state-law nuisance claims, it found federal jurisdiction because the claim hinged on enforcement of FAA Tower Orders. *Tipp City, 204 F.R.D. at 396.* Plaintiffs here do not allege that Defendants have violated any federal aviation standard, nor do they seek to enforce federal regulations. Plaintiffs assert a traditional state-law nuisance claim grounded in the harm caused by Defendants' tortuous conduct, irrespective of whether that conduct complies with or violates any federal directive.

#### B. DEFENDANTS' RELIANCE ON FEDERAL PREEMPTION IS MISPLACED, AND THEIR ARGUMENT FAILS TO JUSTIFY REMOVAL TO FEDERAL COURT.

Defendants argue that federal aviation regulations preempt the entire field of air safety and noise control [Opposition, pg. 4, 6], citing case law addressing preemption of conflicting state laws, and

---

[1] In *Grable*, federal jurisdiction was justified because the plaintiff's claim required interpreting a federal statute (i.e., whether the IRS had provided adequate notice under federal law). *Grable, 545 U.S. at 309.* Federal jurisdiction existed because the quiet title claim hinged on the disputed interpretation of a federal notice statute. *Id.*

2

correctly assert that state laws conflicting with federal law or interfering with federal air safety regulations are preempted [Opposition, pg. 4, 12].

Yet, conflict preemption is *merely a defense* to Plaintiffs' claims and does not serve as a basis for removal.[2]  *Casey, 273 F. Supp. 2d at 139.*  It is true that "[t]he United States Government has exclusive sovereignty of airspace of the United States" *[49 U.S.C. § 40103(a)(1)]*; but this declaration does not preclude states or municipalities from passing *any valid* aviation regulations.[3] *Singer v. City of Newton, 284 F. Supp. 3d 125, 129 (D. Mass. 2017).*

Moreover, it is important to emphasize that the present case does not hinge on the enforcement of a state regulation, nor do Plaintiffs' claims target the conduct of a state-owned facility. Defendants rely on cases involving private citizens or municipalities suing *state-owned airports* to determine if state regulations conflict with federal law.  However, courts have consistently held that municipalities, in their proprietary role as airport owners, can impose noise regulations to avoid liability for excessive noise.  *City of Tipp City, 204 F.R.D. at 392 (citing Alaska Airlines, Inc. v. City of Long Beach, 951 F.2d 977, 982 (9th Cir. 1991)).*  This analysis, however, is inapposite.  Defendants are individual aircraft operators or private entities, not a government entity or municipality.  Therefore, the preemption issues raised in the cases cited by Defendants are not relevant.

The key question is whether federal standards bar Plaintiffs' state-law claims for nuisance and emotional distress.  They do not; as courts have long held that state remedies remain available so long as they are consistent with federal aviation standards.  *Abdullah v. American Airlines, Inc., 181 F.3d 363, 375 (3d Cir. 1999); Kingsley v. Lania*, *221 F. Supp. 2d 93, 96 (D. Mass. 2002)* ("there is no indication

---

[2] Even if conflict preemption *was* a basis for removal.  Defendants' analysis would inevitably fail because they have not identified any state law in conflict with federal aviation standards in this case.

[3] Notably, Defendants acknowledge that the nuisance claim litigated in *Tipp City* was "not completely preempted by federal law" [Opposition, pg. 7].  Yet, they draw parallels between the *Tipp City* plaintiffs and the Plaintiffs in the present case, undercutting their own preemption argument in the process.

that Congress intended to make a federal forum available for **every case** involving disputes with the airlines.").

Defendants cite *Goodspeed Airport LLC v. E. Haddam Inland Wetlands & Watercourses Comm'n, 634 F.3d 206, 210-11 (2d Cir. 2011)*, in support of their federal preemption argument [Opposition, pg. 4]. However, their reliance is misplaced, as they fail to conduct the necessary two-part preemption analysis. Preemption requires both clear congressional intent and a careful examination of its *scope*. Defendants cannot satisfy the second prong because while Congress *regulates* certain aspects of aviation relevant to Plaintiffs' claims, it has not shown intent to displace state-law tort remedies.

### C. PLAINTIFFS' STATE LAW CLAIMS ARE PRESERVED UNDER 49 U.S.C. § 40120(C) AND THUS ARE NOT PREEMPTED BY FEDERAL LAW.

Defendants cite *Luedtke v. County of Milwaukee, 521 F.2d 387, 391 (7th Cir. 1975)*, which held that federal laws preempt local control of aircraft flights. However, *Luedtke* was overturned in *Bieneman v. City of Chicago, 864 F.2d 463, 470 (7th Cir. 1988)*, which noted that every court since *Luedtke* has found federal law does not preempt state damages remedies. *Id. at 470. Bieneman* explained that *Luedtke* ignored the FA Act's anti-preemption provision[4], which allows state law remedies unless they conflict with federal law. *Id. at 471.* Statutes like these preserve common law remedies even when federal law exclusively governs the substance of the rules. *Id.*

### D. FEDERAL LAW NEED NOT BE VIOLATED TO SUSTAIN A NUISANCE CLAIM AGAINST PRIVATE AIRCRAFT OPERATORS.

A violation of federal standards is not required for a nuisance claim against aircraft owners if the conduct involves retaliatory flights over a plaintiff's home and does not involve the regulations or operations of the airport itself.

---

[4] This provision is now reflected in 49 U.S.C. § 40120(c), and states that "a remedy under this part is in addition to any other remedies provided by law." **49 U.S.C. § 40120(c).**

In *Casey v. Goulian*, the court held that the FA Act did not completely preempt homeowners' state-law nuisance claims against airport operators and pilots for noisy and dangerous stunt-airplane flights over their homes. *Casey, 273 F.Supp.2d at 138.* This indicates that state law claims can proceed independently of federal regulations when the nuisance is caused by the conduct of aircraft owners rather than airport operations.

## IV. CONCLUSION

Plaintiffs request this Court remand the case to state court for the foregoing reasons.

> Plaintiffs
> By Their Attorney,
> *Dennis R. Brown*
> _____
> DENNIS R. BROWN, BBO # 059980
> DENNIS R. BROWN, P.C.
> 869 Concord Street
> Framingham, MA 01701
> Tel. #: (508) 879-6300
> E-Mail: dennis@drblaw.com

## VERIFICATION

I, Dennis R. Brown, counsel of record for the Middlesex Superior Court action and the instant federal proceedings, hereby state that the factual recitations set forth in the above Reply are true and accurate and are based upon my personal knowledge and my information and belief.

Signed under the pain and penalties of perjury this 9th day of April, 2025.

> *Dennis R. Brown*
> _____
> DENNIS R. BROWN

M:\Client Files\DAVID McCOY\McCoy, David et al vs. ECAC, Inc. et al 2481CV02938\Notes\Reply to Opposition ver5.wpd